IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER HATCHER, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:19-cv-01650-KOB |
| ] | |
| GREEN DOT, ] | |
| ] | |
| Defendant. ] | |
| ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Green Dot Corporation's "Motion to Dismiss." (Doc. 5). In its motion to dismiss, Green Dot argues that Plaintiff Sylvester Hatcher's complaint should be dismissed for insufficient service of process and failure to state a claim upon which relief can be granted. (*Id.* at 1). Subsequently, Mr. Hatcher has filed a motion to take this case to trial and a motion for a jury trial. (Doc. 10, doc. 11). Upon consideration of the motions, the court finds that Green Dot's motion to dismiss should be granted and Mr. Hatcher's motions should be denied because this case should be dismissed.

Mr. Hatcher, proceeding *pro se*, filed a suit in Alabama state court against Green Dot. (Doc. 1-1 at 2). In his complaint, Mr. Hatcher alleges that he has been getting direct deposit—without specifying what is being directly deposited—from Green Dot for almost a decade with minimal problems. However, when he recently tried to withdraw money from his Green Dot card at multiple ATMs, the card was declined, despite the fact that money was in the account. Mr. Hatcher states that the inability to withdraw funds resulted in "substantial hardship" because he needed to pay bills, has high blood pressure, has bullet fragments in his brain, and gets

1

frequent headaches. Based on those allegations, Mr. Hatcher seeks $500,000 in relief and alleges, without further factual explanation, that Green Dot committed "fraud, bad faith misrepresentation, [and] negligence for the awful way they handle[d] this situation." (Doc. 1-1 at 7). Green Dot removed the case to this court based on diversity jurisdiction, as Green Dot is incorporated in Delaware and has its principal place of business in California. (Doc. 1).

In its motion to dismiss, Green Dot argues that this case should be dismissed under Fed. R. Civ. P. 12(b)(5), as Mr. Hatcher failed to effect proper service because he sent service by certified mail without addressing the mail to a specific person authorized to receive service. (Doc. 5 at 1). Green Dot also argues that Mr. Hatcher's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to meet the requirements of notice pleading because Mr. Hatcher does not provide any factual support for his allegations of fraud, misrepresentation, and negligence.

In his response to Green Dot's motion to dismiss, Mr. Hatcher states that Green Dot caused him "hardship by holding his SSI check for two weeks" so that he had to take out a loan. (Doc. 8 at 1). He also asserts that Green Dot is just "trying everything in the book to avoid a trial in this case." (*Id.*). His response does not address the issue of service or provide further factual specifics regarding his allegations. Green Dot did not file a reply.

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule

2

8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard does not rise to the level of requiring probability, but does require that a complaint show more than merely facts that are consistent with liability or the "sheer possibility" of unlawful action. *Id.*

In this case, the court need not address Green Dot's argument regarding service of process, as Mr. Hatcher's complaint fails to state a claim for which relief can be granted. In his complaint, Mr. Hatcher simply states a perceived wrong—the inability to access funds on his Green Dot card—and asserts that the wrong caused him harm. He then alleges, without further factual explanation, that Green Dot engaged in fraud, misrepresentation, and negligence for the "awful" way it handled the situation. Mr. Hatcher does not allege *any specific facts* regarding whether and how Green Dot was involved in his inability to access the money, what

3

representations or misrepresentations Green Dot made to him, how Green Dot defrauded him, how Green Dot was negligent, or what responsibility Green Dot owed to him.

Mr. Hatcher's complaint consists merely of an allegation of harm and conclusory, naked assertions of legal causes of action without specific facts tying Green Dot to any wrongdoing. *See Twombly*, 550 U.S. at 555, 557. Mr. Hatcher does not even recite the elements of any cause of action, much less provide any facts to support his claim. Thus, Mr. Hatcher's complaint is the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has found to be insufficient to support a cause of action. *See Ashcroft*, 556 U.S. at 678. Even accepting all of Mr. Hatcher's allegations as true, the complaint lacks sufficient facts for the court to infer Green Dot's liability for Mr. Hatcher's hardship because he has not pled any facts about Green Dot's administration of his account or Green Dot's responsibilities—he has only alleged that he could not withdraw money from his Green Dot card.

Although courts liberally construe *pro se* pleadings and hold them to a "less stringent standard than those drafted by attorneys," the court does not have a "license to serve as de facto counsel for a party," or the "ability to rewrite an otherwise deficient pleading in order to sustain an action." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). In this case, Mr. Hatcher not only fails to identify the elements of the legal claims he asserts—an omission that the court could overlook for a *pro se* plaintiff—but also fails to include any factual allegations regarding legally actionable behavior by Green Dot. So, the court would have to go far beyond liberal construction and rewrite the complaint to find that Mr. Hatcher provided sufficient factual allegations to support his claims, which the court cannot legally do. Therefore, the court finds

4

that Mr. Hatcher's complaint is due to be dismissed for failure to state a claim for which relief can be granted.

Accordingly, the court GRANTS Green Dot's motion to dismiss; because the court has no idea from the current complaint whether Mr. Hatcher could possibly submit a complaint that might properly plead a cause of action with facts to support it, the court DISMISSES Mr. Hatcher's complaint WITHOUT PREJUDICE. Because the court finds that the complaint is due to be dismissed, the court also DENIES Mr. Hatcher's motions to take this case to trial and for a jury trial.

DONE and ORDERED this 27th day of February, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE